IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

CHARLES DWIGHT HOOPS,     *
#273 948
     Plaintiff,     *

     v.     *     2:10-CV-1023-ID
              (WO)
CORRECTIONAL MEDICAL     *
SERVICES, *et al*.,
    *
     Defendants.

_____

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate incarcerated at the Kilby Correctional Facility ["Kilby"] in Mt. Meigs, Alabama, filed this 42 U.S.C. § 1983 action on December 2, 2010. He complains about the provision of medical care and treatment at Kilby as it concerns a severe back injury he received in 2009. Plaintiff seeks injunctive relief for the alleged violations of his constitutional rights.

Defendants filed a special report, answer, and supporting evidentiary materials addressing Plaintiff' claims for relief in which they deny his allegations. In addition, Defendants maintain the complaint is due to be dismissed because Plaintiff has failed to properly exhaust administrative remedies available to him at Kilby with respect to the claims presented in this cause of action. (*Doc. No. 8, Diaz Affidavit, Exh. A.*)

Pursuant to the orders entered in this case and governing case law, the court deems

it appropriate to treat Defendants' written report as a motion to dismiss. *See Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) (citations omitted) ("[A]n exhaustion defense - as in [this] case - is not ordinarily the proper subject for a summary judgment; instead, it 'should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.'"). The court explained to Plaintiff the proper manner in which to respond to a dispositive motion. (*Doc. No. 11*.) This case is now pending on Defendants' motion to dismiss. (*Doc. No. 8*.) Upon consideration of motion and the evidentiary materials filed in support thereof, the court concludes that Defendants' motion to dismiss shall be granted and this case dismissed without prejudice as Plaintiff has failed to exhaust an available administrative remedy.

## I. DISCUSSION

Plaintiff's complaint asserts a challenge to the medical care and treatment afforded him at Kilby. In response to the complaint, Defendants deny Plaintiff's allegations of constitutional violations and likewise maintain this case is subject to dismissal because Plaintiff has failed to exhaust the administrative remedy provided at Kilby prior to filing this complaint as required by directives of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Federal law directs this court to treat Defendants' response as a motion to dismiss for failure to exhaust an administrative remedy and allows the court to look beyond the pleadings to relevant evidentiary materials in deciding the issue of proper exhaustion. *Bryant*, 530 F.3d at 1374-75.

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378 (2006). Moreover, "the PLRA exhaustion requirement requires ***proper exhaustion***." *Woodford*, 548 U.S. at 93, 126 S.Ct. at 2387 (emphasis added). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation

3

[allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." 548 U.S. at 90-91, 93, 126 S.Ct. at 2386-2387. The Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement ... by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him. 548 U.S. at 83-84, 126 S.Ct. at 2382; *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA).

The record in this case is undisputed that Kilby provides a grievance procedure for inmate medical complaints. (*Doc. No. 8, Diaz Affidavit*.) This administrative remedy is available to all inmates housed at Kilby, including Plaintiff. (*Id*.) Defendants contend that a search of Plaintiff's inmate medical file reflects that he has never filed any grievance regarding the matters made the subject of his complaint. (*Id. and Exh. A*.)

The court has thoroughly reviewed the evidentiary materials filed by Defendants. These materials demonstrate that Plaintiff has failed to properly exhaust the grievance procedure available at Kilby for inmate medical complaints. The undersigned finds there is no dispute of material fact that Plaintiff has failed to exhaust his administrative remedies with respect to his claims of unconstitutional medical care and treatment against Defendants.

*See Bock*, 549 U.S. at 218 ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

On February 28, 2011 the court entered an order allowing Plaintiff the opportunity to respond to the arguments made by Defendants in their special report. (*Doc. No. 11.*) Plaintiff has filed nothing in response to this order. Defendants' evidence shows that the grievance process is available to Plaintiff at Kilby, and he has failed to avail himself of that process with regard to the allegations made the subject matter of the instant action. The court, therefore, concludes that the claims presented in this cause of action are due to be dismissed without prejudice as Plaintiff has failed to properly exhaust an administrative remedy available to him which is a precondition to proceeding in this court on such claims. *Woodford*, 548 U.S. at 87-94, 126 S.Ct. at 2384-2388; *Bryant*, 530 F.3d at 1374-1375 (dismissal for failure to exhaust an administrative remedy when the remedy remains available is not an adjudication of the merits and is without prejudice).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion to dismiss filed by Defendants (*Doc. No. 8*) be GRANTED to the extent Defendants seek dismissal of this case due to Plaintiff's failure to properly exhaust an administrative remedy available to him at the Kilby Correctional Facility.

2. This case be DISMISSED without prejudice pursuant to the provisions of 42

U.S.C. § 1997e(a) for Plaintiff's failure to exhaust an administrative remedy available to him at the Kilby Correctional Facility.

It is further

ORDERED that on or before **April 19, 2011** the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 5$^h$ day of April 2011.

                                /s/Terry F. Moorer
                                TERRY F. MOORER
                                UNITED STATES MAGISTRATE JUDGE